Larry M. Golub (SBN CA 110545)
lgolub@hinshawlaw.com
Vivian I. Orlando (SBN CA 213833)
vorlando@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:   213-680-2800
Facsimile:   213-614-7399

Attorneys for Defendant
TRANSAMERICA LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERYL CLARK, Individually, as Successor-in-Interest to Delaine Stowell, on Behalf of the Estate of Delaine Stowell, and on Behalf of the Class,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa Corporation,<br><br>Defendant. | Case No. 2:20-cv-00539-JAM-DB<br><br>(Hon. John A. Mendez)<br><br>**DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: July 14, 2020<br>Hearing Time: 1:30 p.m.<br>Courtroom:      6<br><br>[Filed concurrently with (i) Declaration of Darlene Edwards; (ii) Declaration of Elizabeth Smith; (iii) Declaration of Heather Thomas; (iv) Request for Judicial Notice; and (v) [Proposed] Order]<br><br>Complaint Filed:  March 10, 2020<br><br>Trial Date:  Not Set |

1

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

**TO THE COURT, TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 14, 2020, at 1:30 p.m. or as soon thereafter as the matter be heard in Courtroom 6, 14th Floor of the above-entitled court, located at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Defendant Transamerica Life Insurance Company ("TLIC") will move the Court to dismiss the action filed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

The named Plaintiff Sheryl Clark's ("Plaintiff") Complaint fails in its entirety and should be dismissed with prejudice because the statutes she relies upon to support her claims, California Insurance Code sections 10113.71 and 10113.72, do not apply as a matter of law to the group life insurance policy under which Plaintiff seeks coverage.

TLIC's Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declarations of Darlene Edwards, Elizabeth Smith and Heather Thomas, the accompanying Request for Judicial Notice, all other matters of which judicial notice may be taken, and such oral argument as the Court may permit at the hearing on this Motion.

The Parties met and conferred as required by the Court's standing order and were unable to come to any agreement regarding the issues raised herein.  This Motion is made following the conference of counsel pursuant to the Court's standing order which took place on April 24, 2020 and May 5, 2020.

DATED:   May 15, 2020                                 HINSHAW & CULBERTSON LLP

                                                      By: /s/ *Vivian I. Orlando*
                                                          Larry M. Golub
                                                          Vivian I. Orlando
                                                          Attorneys for Defendant
                                                          TRANSAMERICA LIFE INSURANCE
                                                          COMPANY

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ............................................................................................................. 1

II. MATERIAL ALLEGED FACTS ..................................................................................... 1

    A. The Statutes .......................................................................................................... 1

    B. The Alleged Facts Regarding Named Plaintiff and The Decedent ...................... 3

    C. The Claims for Relief Alleged in This Action ..................................................... 5

III. THERE WAS NO "POLICY" ISSUED TO DELAINE, LET ALONE ANY "INDIVIDUAL" POLICY, AND THE GROUP POLICY WAS ISSUED AND DELIVERED TO JCP COMPANY OUTSIDE OF CALIFORNIA ................................... 6

IV. LEGAL STANDARD FOR MOTIONS TO DISMISS ................................................... 9

V. THE STATUTES DO NOT APPLY TO A GROUP LIFE INSURANCE POLICY ISSUED AND DELIVERED OUTSIDE OF CALIFORNIA, AND PLAINTIFF'S CLAIMS ARISING FROM A CERTIFICATE ISSUED UNDER SUCH A GROUP POLICY MUST BE DISMISSED ................................................................................. 10

VI. THE LEGISLATIVE HISTORY OF THE STATUTES FURTHER CONFIRMS THEIR INAPPLICABILITY TO THE GROUP LIFE POLICY UNDER WHICH PLAINTIFF ASSERTS HER CLAIM ........................................................................... 12

VII. CONCLUSION ............................................................................................................... 15

i

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allarcom Pay Television v. General Instrument Corp.*,
  69 F.3d 381 (9th Cir. 1995) ............................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 9

*Coburn v. Sievert*,
  133 Cal. App. 4th 1483 (2005) ........................................................................................ 11

*Daniel-Hall v. Nat'l Educ. Assn.*,
  629 F. 3d 992 (9th Cir. 2010) ............................................................................................ 9

*Gerritsen v. Warner Bros. Entm't Inc.*,
  112 F. Supp. 3d 1011 (C.D. Cal. 2015) ............................................................................. 7

*Heighley v. J.C. Penney Life Ins. Co.*,
  257 F. Supp. 2d 1241 (C.D. Cal. 2003) ........................................................................... 10

*Hinds Invs., L.P. v. Angioli*,
  654 F.3d 846 (9th Cir. 2011) ............................................................................................. 9

*Marder v. Lopez*,
  450 F. 3d 445 (9th Cir. 2006) ........................................................................................ 6, 9

*McCarther v. Pacific Telesis Group*,
  48 Cal.4th 104 (2010) ........................................................................................................ 3

*McHugh v. Protective Life Insurance Company*,
  40 Cal. App. 5th 1166 (2019) .......................................................................................... 11

*Mendoza v. Nordstrom, Inc.*,
  2 Cal.5th 1074 (2017) ........................................................................................................ 3

*Reese v. Malone*,
  747 F.3d 557 (9th Cir. 2014) ............................................................................................. 9

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................................................. 9

*Warren v. Fox Family Worldwide, Inc.*,
  171 F. Supp. 2d 1057 (C.D. Cal. 2001) ............................................................................. 9

ii

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

*Wishnev v. Northwestern Mut. Life Ins. Co.*,
  162 F. Supp. 3d 930 (N.D. Cal. 2016), *vacated on other grounds*, 786 F. App'x
  691 (9th Cir. 2019) ............................................................................................................. 6

**Statutes**

California Business & Professions Code sections 17200 *et seq.* ..................................................... 5

California Insurance Code, §786 ............................................................................................ 12

California Insurance Code, §10112.5 ..................................................................................... 12

California Insurance Code, §10113.4 ..................................................................................... 12

California Insurance Code § 10113.71 ............................................................................ 1, 3, 11

California Insurance Code § 10113.72 ............................................................................ 1, 3, 11

California Insurance Code, §10209.1 ..................................................................................... 12

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(6) ................................................................................. 9

Federal Rules of Evidence 201(b) ............................................................................................ 6

iii

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This purported class action – including all of the claims asserted – is based exclusively on the alleged violations of California Insurance Code sections 10113.71 and 10113.72 ("the Statutes"). The Statutes, however, only apply to life insurance policies *issued or delivered in California* and, with one exception inapplicable to the facts of this case, to *individual* life insurance policies. The unassailable problem with Plaintiff's lawsuit is that the life insurance coverage under which the named Plaintiff seeks coverage and claims to have incurred a violation of the Statutes was a *group life insurance policy* – not an individual life insurance policy – and that group policy was *not issued or delivered in California*. Simply put, the named Plaintiff possesses no claims under the Statutes and this lawsuit should be dismissed at the outset with prejudice.

## II.    MATERIAL ALLEGED FACTS[1]

### A.    The Statutes

Plaintiff Sheryl Clark's ("Plaintiff") Complaint commences by urging that Defendant Transamerica Life Insurance Company ("TLIC") "refuses to comply with mandatory provisions of the California Insurance Code as well as California common law regulating the lapse and termination of life insurance policies." Complaint, ¶ 1. It then alleges that, since January 2013, TLIC has failed to comply with the "important safeguards" required by the Statutes." Complaint, ¶ 2.[2] After further introductory charging allegations concerning the purported failure to comply with the Statutes, the Complaint alleges that Plaintiff, on behalf of herself and the purported class, "brings this action to recover for the injuries and damages resulting from these violations." Complaint, ¶ 7.

Beginning at paragraph 13, the Complaint addresses the "enactment and applicability" of the Statutes. Paragraph 13 advises that the California Legislature enacted the Statutes in 2012, and paragraph 14 states that the Statutes became effective January 1, 2013. While the Complaint's

---

[1] For this motion only, TLIC recites Plaintiff's allegations without admitting their truth.

[2] Footnote 1 advises that all references to Sections 10113.71 and/or 10113.72 are collectively referred to as the "Statutes." TLIC uses the same convention in this motion.

1

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

allegations play somewhat loose with the specific provisions and requirements of the Statutes, paragraph 19 of the Complaint quotes the Statutes verbatim:

"More specifically, Section 10113.71 reads as follows:

### § 10113.71 Grace Period; Notice of pending lapse and termination of policy; Mailing requirement

(a) Every life insurance policy *issued or delivered in this state* shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.

(b) (1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer *to the named policy owner*, a designee named pursuant to Section 10113.72 for an *individual life insurance policy*, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

(2) This subdivision shall not apply to nonrenewal.

(3) Notice shall be given to the policy owner and to the designee by first-class United Sates mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.

(c) For purposes of this section, a life insurance policy includes, but is not limited to, *an individual life insurance policy and a group life insurance policy*, except where otherwise provided.

Next, Section 10113.72 says:

### § 10113.72 Right to designate person to receive notice of lapse or termination of policy for nonpayment of premium; Right to change designation; Notice of lapse or termination

(a) An *individual life insurance policy* shall not be *issued or delivered in this state* until the applicant has been given the right to designate at least one person, in addition to the applicant to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.

(b) The insurer shall notify *the policy owner* annually of the right to change the written designation or designate one or more persons. The *policy owner* may change the designation more often if he or she chooses to do so.

(c) No *individual life insurance policy* shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the *policy owner* and to the person or persons designated pursuant to subdivision (a), at the address provided by the *policy owner* for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid." (Emphasis added.)

As can be seen by the emphasized text, both sections 10113.71 and 10113.72 commence with the Legislature's language "issued or delivered in this state." Just as significantly, the entirety of Section 10113.72 is only directed to an "individual life insurance policy" and the "policy owner." There is no reference whatsoever to any "insured" under a group policy, let alone a "certificate holder" under a group policy.

Well-established principles of statutory construction dictate that language must be construed in the context of the statute as a whole with each subsection harmonizing the other. *See Mendoza v. Nordstrom, Inc*., 2 Cal.5th 1074, 1087 (2017); M*cCarther v. Pacific Telesis Group*, 48 Cal.4th 104, 110 (2010). Plaintiff's argument that a certificate holder under a group policy issued outside California is covered by the Statutes contravenes a fundamental canon of statutory construction that the Legislature would not intend for one subsection of a statute to operate in a manner that is markedly dissimilar from another subsection in the same statute.

Additionally, while Section 10113.71 does state in subsection (c) that, for *this section*, a life insurance policy includes both an individual and a group life insurance policy, each and every provision in that section refers to the "policy owner" or a designee of an "individual" life insurance policy, and again there is no reference whatsoever to a "certificate holder" under a group policy or even any "insured" under such a policy.

B.  **The Alleged Facts Regarding Named Plaintiff and The Decedent**

The named Plaintiff brings this action "in her individual capacity and as the heir and successor-in-interest of the decedent and insured, Delaine Stowell, and on behalf of the Estate of Delaine Stowell," and on behalf of the class and sub-class she seeks to represent and as is defined in paragraph 44. Complaint, caption page, ¶¶ 8, 44. Plaintiff is the daughter of decedent Delaine Stowell ("Delaine") and the beneficiary of the life insurance policy under which Delaine was an

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

insured. Complaint, ¶¶ 8, 9. Plaintiff contends that Delaine died in California as a California resident on August 7, 2018 and was a California resident for her entire life. Complaint, ¶ 9.[3] Plaintiff contends that, in or about 1992, her mother Delaine purchased the subject life insurance "policy," No. 74B810725, from J.C. Penney Life Insurance Company ("JCP Life"), which "policy" and its obligations were later acquired and subsumed by TLIC, and as of January 1, 2013, TLIC "was responsible for all contractual and statutory obligations" associated with the "policy." Complaint, ¶ 27. These allegations are inaccurate, as discussed below, since there was no "policy" issued to Delaine, just a certificate of insurance under a group life insurance policy issued to J. C. Penney Company, Inc. ("JCP Company"), which policy owner was located in Illinois. So as to attempt to fall within the "issued or delivered" trigger requirements set forth in the Statutes, paragraph 28 refers to the purported "policy" as having been purchased and "issued or delivered" in California.

The "policy" is alleged to have a value of "$12,000 or more," names Plaintiff as a beneficiary, the "premium payment was about $19 per month," and "Plaintiff" paid the premiums faithfully for almost 30 years.[4] TLIC allegedly did not provide plaintiff or Delaine with the right to designate another recipient of important policy notices, including a 30-day notice of any effective lapse or the right to a 60-day grace period, and otherwise concealed information from Plaintiff and Delaine. Complaint, ¶ 30. Allegedly, after making premium payments "for over 25 years via bank draft, one payment was apparently missed in or around June 2018," and TLIC attempted to lapse or terminate coverage in around July 2018. Complaint, ¶ 31. Delaine was allegedly "ill, incapacitated, and for some period hospitalized" at that time, and Plaintiff claims neither she nor Delaine have any

---

[3] This is one of the many allegations that are incorrect, or at least unclear, since the exhibits to the Complaint alternatively advise that Delaine died on August 21, 2018 (Exhibit A) or August 7, 2018 (Exhibit B). Additionally, documents supplied in the declarations accompanying this motion evidence that, for some portion of her life, Delaine lived in the state of Washington, not California. For purposes of this motion, these issues are not material.

[4] This is another one of the presumably incorrect allegations in the Complaint, since it would not have been Plaintiff who was paying the premiums but her mother and insured Delaine.

4

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

record of receiving any notices of any missed premium payments in 2018 or any impending lapse. *Id.*[5]

As alleged previously, Delaine died in August 2018, with Plaintiff alleging that the "policy" had "not been legally and effectively terminated and was in full force." Complaint, ¶ 32.[6] At some later unspecified point in time, Plaintiff submitted a claim to TLIC for the life insurance death benefits, and TLIC denied the claim due to "a supposed lapse for nonpayment of premium." Complaint, ¶ 33. Plaintiff then alleges multiple violations of the Statutes both prior to and after Delaine's death. Complaint, ¶¶ 34-38.

### C.   The Claims for Relief Alleged in This Action

Following the allegations concerning Plaintiff and her decedent mother, the Complaint sets forth its class action allegations arising solely out of the purported failures of TLIC to comply with the Statutes, which became effective January 1, 2013. Complaint, ¶¶ 39-56. Thereafter, the Complaint – again based solely on the purported violation of the Statutes – brings claims by Plaintiff and the purported class and sub-class for declaratory relief (two virtually identical but separate claims, one under state law and one under federal law), breach of contract, violation of California Business & Professions Code sections 17200 *et seq.* and for financial elder abuse. Complaint, ¶¶ 57-101. While TLIC contends that the plain and unambiguous language used by the California Legislature in the Statutes, and under well-established principles of statutory construction, does not apply to policies issued before their January 1, 2013 effective date, TLIC is not challenging at this point whether the Statutes apply to policies issued or delivered in California prior to January 1,

---

[5] Again, this is another inaccuracy in the Complaint, since the premiums for the coverage, as originally issued to Delaine as being a credit card holder of JCP Company, were automatically charged to her credit card for those more than 25 years (not as a bank draft), and there were numerous attempts by TLIC to charge the credit card for multiple months during the spring and summer of 2018.

[6] Due to the more than 60-day grace period provided to Delaine, the coverage had not in fact lapsed as of the date of her death, but due to a delay in Plaintiff submitting a claim to TLIC, a mistake was made by TLIC in recognizing this fact. TLIC is in the process of rectifying this mistake and making full payment of the life insurance death benefits and accrued interest to Plaintiff, as set forth in the attached Declaration of Darlene Edwards ("Edwards Decl."), ¶ 10.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

2013. TLIC is only challenging Plaintiff's ability to state a claim with respect to the certificate of insurance issued to her under a group life insurance policy issued and delivered in Illinois to JCP Company as the policy owner.

### III. THERE WAS NO "POLICY" ISSUED TO DELAINE, LET ALONE ANY "INDIVIDUAL" POLICY, AND THE GROUP POLICY WAS ISSUED AND DELIVERED TO JCP COMPANY OUTSIDE OF CALIFORNIA

As noted above, the actual facts – established through documents referenced in the Complaint and public records of which the Court may take judicial notice – show a very different picture of the life insurance coverage at issue and support TLIC's conclusion that Plaintiff's case requires dismissal with prejudice.

Specifically, these documents show that Delaine was covered under a group life insurance policy, not an individual policy, and that group policy was issued and delivered in a state other than California. Thus, Plaintiff – in either capacity asserted in the Complaint – does not fall within the class definition or within the Statutes.

In 1991, JCP Company, a Delaware corporation located in Schaumburg, Illinois, applied for a group life insurance policy from JCP Life. JCP Life issued and delivered Group Policy No. 25222 ("Group Policy") to JCP Company in the State of Illinois. JCP Company was identified on the first page of the Group Policy as the "Policyholder." *See* Edwards Decl., ¶3, Ex. 1 (Group Policy including the Application attached thereto); Request for Judicial Notice ("RJN"), Ex. 1.[7] JCP Life

---

[7] As discussed in detail in TLIC's concurrently filed RJN, a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The authenticity of each of the Exhibits attached to the Edwards Declaration and the Declaration of Elizabeth Smith ("Smith Decl.") is not subject to reasonable dispute and can be readily determined from sources whose accuracy cannot reasonably be questioned. *Id.* Further, Judicial Notice of Exhibits 1, 2, 3, 7, 8 and 10 is appropriate under the incorporation by reference doctrine because the Plaintiff refers to the documents in the Complaint and they are central to Plaintiff's claim. *Marder v. Lopez*, 450 F. 3d 445, 448 (9th Cir. 2006); *Wishnev v. Northwestern Mut. Life Ins. Co.*, 162 F. Supp. 3d 930, 936 (N.D. Cal. 2016) (internal quotations omitted), *vacated on other grounds*, 786 F. App'x 691 (9th Cir. 2019). Plaintiff's Complaint explicitly references and relies upon (but does not attach evidence of) the decedent Delaine's alleged purchase of a life insurance policy from JCP Life, later acquired by TLIC, that the policy was issued and delivered in California, that it bears a Policy No.

6

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

was incorporated in Vermont, maintained its home office in Rutland, Vermont, and its administrative offices were located in Plano, Texas. *See* Smith Decl., ¶3.

Under the terms of the Group Policy, at page 2, individuals age 30 to 75 who are credit card holders with JCP Company or their spouses could enroll in the group life insurance coverage by completing an enrollment form and agreeing to a monthly premium charge and be would be issued a Certificate of Insurance evidencing enrollment under the Group Policy and Plan. *See* Edwards Decl., ¶¶3, 4 and Ex. 1; RJN, Ex. 1.

On or about May 7, 1992, Delaine submitted to JCP Life an Enrollment Form for her enrollment as an insured under the Group Policy. The Enrollment Form reflects that the benefits amount is $12,000 with a monthly premium of $16.12. The Enrollment Form further states that it is for enrollment in the Group Whole Life Insurance Plan offered by JCP Life and that the Plan is for "eligible JC Penney cardholders." *See* Edwards Decl., ¶5, Ex. 2; RJN, Ex. 1. A Certificate of Insurance, No. 74LB810725 (the "Certificate"), evidencing enrollment in the Plan was issued to Delaine, effective May 20, 1992. *See* Edwards Decl., ¶5 and Ex. 8; RJN, Ex. 8.

Subsequently, on or about June 13, 1993, Delaine submitted an Enrollment Form for Additional Benefits to JCP Life to obtain $25,000 in accidental death benefits at a cost of $3.25 per month under the Group Policy. *See* Edwards Decl., ¶6, Ex. 3; RJN, Ex. 3. A Group Accidental Death Benefit Rider was added to her Certificate on June 20, 1993. *See* Edwards Decl., ¶6 and Ex. 8; RJN, Ex. 8.

Subsequently, on January 25, 2002, JCP Company legally changed its name to its current

---

74LB810725, and that less than 60-day grace period notice was provided. *See, e.g.,* Complaint, ¶¶8, 9, 27, 28, 30. These allegations are central to the Complaint and are relied upon to conclude that the Statutes at issue in this lawsuit apply and that TLIC allegedly violated these Statutes. *Id.* ¶¶27-38. These allegations are contradicted by the actual documents they reference. Further, judicial notice of Exhibits 4-6 and 9 and their contents is proper as documents required to be filed by law with governmental Secretary of State Offices and the purpose for which they are being used (name changes, mergers, locations of incorporation and principal places of business) are proper subjects of judicial notice as facts supported by documents "whose accuracy cannot reasonably be questioned." *See, e.g., Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (taking judicial notice of facts in a business entity profile on the California Secretary of State's website).

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

name of J.C. Penney Corporation, Inc. ("JCP Corp."). *See* Edwards Decl., ¶7, Ex. 4; RJN, Ex. 4. Other than changing the name of the Group Policy Holder to JCP Corp., this name change did not impact the Group Policy or the Plan under which Delaine was enrolled. *See* Edwards Decl., ¶7.

On May 7, 2002, JCP Life changed its name to Stonebridge Life Insurance Company ("Stonebridge Life"). *See* Smith Decl., ¶4, Ex. 5; RJN, Ex. 5. Again, there was no change to the Group Policy other than the Plan insurer being renamed and this name change did not impact the Group Policy or the Plan under which Delaine was enrolled. *See* Edwards Decl., ¶8. As with JCP Life, Stonebridge Life was incorporated in Vermont with its administrative offices located in Plano, Texas. *See* Smith Decl., ¶4.

On October 1, 2015, Stonebridge Life legally merged into TLIC. *See* Smith Decl., ¶5, Ex. 6; RJN, Ex. 6. A Merger Endorsement for the Certificate that was sent to Delaine on January 5, 2016. *See* Edwards Decl., ¶9, Ex. 7; RJN, Ex. 7. Again, there was no change to the Group Policy as a result of the merger other than the Plan insurer being renamed, and this name change did not otherwise impact the Group Policy or the Plan under which Delaine was enrolled. *See* Edwards Decl., ¶9. The Group Certificate in effect and issued to Delaine was provided to her, and at all times that coverage was in effect, Delaine was insured under Group Policy No. 25222 and enrolled in the Group Plan and that did not change despite various corporate name changes. *See* Edwards Decl., ¶9, Ex. 8; RJN, Ex. 8.

TLIC is, and at all relevant times since the above-referenced merger was, incorporated in Iowa with its principal place of business located in Cedar Rapids, Iowa. *See* Smith Decl., ¶6, Exs. 6, 9; RJN, Exs. 6, 9.

Delaine allegedly died on August 7, 2018. Complaint, ¶32, Ex. B. The coverage under the Certificate issued to Delaine had been paid through June 19, 2018. *See* Edwards Decl., ¶10. Despite the Grace Period stated in the Certificate being 31 days, it was TLIC's practice to provide enrollees with a 60 day grace period for this particular Plan/Group Policy. *See* Edwards Decl., ¶10. A Billing Summary Statement dated July 25, 2018 reflected the extended ability to pay the premiums to maintain the Certificate. *See* Edwards Decl., ¶10, Ex. 10; RJN, Ex. 10. Thus, the Certificate issued

8

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

to Delaine was still in effect (given the extended grace period) at the time of her death. Due to, among other things, Plaintiff's delay in submission of the claim for benefits (claim submitted in December 2018 well after the August 2018 initial phone notice that Delaine had allegedly died), TLIC's system showed the Certificate in a lapsed status when Plaintiff claim documents finally were received, and TLIC mistakenly denied the claim. When TLIC discovered this mistake while reviewing its records in connection with this lawsuit, TLIC promptly notified Plaintiff's counsel and is paying the claim. *See* Edwards Decl., ¶10.

## IV. LEGAL STANDARD FOR MOTIONS TO DISMISS

"A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint." *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1061 (C.D. Cal. 2001). In deciding a motion to dismiss under Rule 12(b)(6), a court generally limits its review to the contents of the complaint and assumes all allegations of material fact are true. *Allarcom Pay Television v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). The court need not accept as true, however, allegations contradicted by an exhibit to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Documents referenced in a complaint may be considered on a motion to dismiss, even if not attached, if they are "central" to the claims. *Marder v. Lopez*, 450 F. 3d 445, 448 (9th Cir. 2006). Further, the Court is not required to accept as true allegations that contradict exhibits attached to the complaint or central to it. *Daniel-Hall v. Nat'l Educ. Assn.*, 629 F. 3d 992, 998 (9th Cir. 2010). The court may consider matters subject to judicial notice. *Reese v. Malone*, 747 F.3d 557, 568-69 (9th Cir. 2014). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

9

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

## V. THE STATUTES DO NOT APPLY TO A GROUP LIFE INSURANCE POLICY ISSUED AND DELIVERED OUTSIDE OF CALIFORNIA, AND PLAINTIFF'S CLAIMS ARISING FROM A CERTIFICATE ISSUED UNDER SUCH A GROUP POLICY MUST BE DISMISSED

Group life insurance is life insurance that is purchased under a single contract issued to an entity covering a group of people – in the case here, JCP Company credit cardholders. *See, e.g., Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1246-47, 1251 (C.D. Cal. 2003); Edwards Decl., ¶3, Ex. 1 (Provisions-Eligibility); RJN, Ex. 1. The policy owner is issued a group life policy and it covers eligible members of the group who enroll. *Id*. (here, JCP Company was the policy owner who was issued the Group Policy). Each person who enrolls in turn received a Certificate of Insurance. *See* Edwards Decl., ¶3, Ex. 1 (at p. 1 of Group Policy and p. 2 "When a Person Becomes an Insured"); RJN, Ex. 1; *Heighley,* 257 F. Supp. 2d at 1246-47. In contrast to individual policies, completion of a simple enrollment form guarantees enrollment of eligible persons. *Id.* The Certificate of Insurance at issue in this case states that the insured member of the group is covered under the Group Policy held by JCP Corp. *See* Edwards Decl., Ex. 8 (at p. 1 of Certificate); RJN, Ex. 8. The Certificate of Insurance serves as proof of insurance, **but it is not the actual insurance policy**. *Id.* at p. 3 ("Entire Contract").

Plaintiff's Complaint is premised on her claim that TLIC allegedly violated the Statutes by failing to provide a 60-day grace period, a 30-day notice of pending lapse and an annual right to designate a third party to receive notice of lapse. She seeks to certify a class of ***owners*** or beneficiaries of TLIC ***individual*** life insurance policies in force on or after January 1, 2013 and governed by the Statutes where TLIC did not allegedly comply with the Statutes prior to lapse, termination or reinstatement. Complaint, ¶44. TLIC contends that the Statutes apply only as to certain policies issued or delivered in California on or after January 1, 2013 (the effective date of the Statutes). Resolving that issue, while being addressed by numerous other courts, is not, however,

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

the one presented by this motion.[8]

But even if the Statutes applied to life insurance policies issued or delivered prior to January 1, 2013 (as Plaintiff alleges), the Statutes only apply to policies "issued or delivered" *in California*. Complaint, ¶19. Here, the Group Policy was issued and delivered to the policy owner (JCP Company) in Illinois. *See* Edwards Decl., ¶3, Ex. 1; RJN, Ex. 1. Further, the plain and clear language of Section 10113.71 lapse notice requirements apply only in the context of group insurance with respect to notice to the named **policy owner** (not the insured). Moreover, the plain and clear language Section 10113.72 applies *exclusively* to individual life insurance policies and thus is totally inapplicable. During the meet and confer process, Plaintiff offered no basis whatsoever to extend the mandates of the Statutes to group policies[9], and such an extension would be inconsistent with sound public policy by imposing undue costs and burdens on non-California group plans.

Additionally, the Statutes' lack of any use of the term "certificate" as issued to an insured under a group life insurance policy only further demonstrates that the Statutes are not meant to apply to certificate holders under such a group policy, but rather only to the group policyholder as discussed above. That is the manner in which the Statutes should be interpreted. *See Coburn v.*

---

[8] TLIC's position that the Statutes do not apply to life insurance policies issued and delivered prior to January 1, 2013 is supported not only by the statutory language but also by several recent decisions. *See, e.g., McHugh v. Protective Life Insurance Company,* 40 Cal. App. 5th 1166, 1177 (2019), presently pending on appeal before the California Supreme Court, Case No. S259215 (finding that McHugh's life insurance policy is governed by the regulations in effect when it was issued in 2005, and the subsequently enacted sections 10113.71 and 10113.72 are not incorporated into the policy), and *Shaff v. Farmers New World Life Insurance Company,* Central District of California, Case No. 17-CV-03610 JAK, appealed to and pending in the Ninth Circuit, No. 19-56129 (District Court held that the Statutes are not retroactive and did not apply to the policy issued pre-January 1, 2013). While other cases have similarly concluded that the Statutes are not retroactive, they have applied a so-called "renewal principle" to the Statutes to force policies issued prior to January 1, 2013 to comply with the obligations set forth in the Statutes – despite the statutory language demonstrating no retroactive intent and clearly no mention of this so-called "renewal principle" or even the word "renewal" in the Statutes. *See Bentley v. United of Omaha Life Insurance Company,* Central District of California, Case No. 2:15-cv-07870-DMG-AJW, appealed to and pending in the Ninth Circuit, No. 20-55435; followed by *Thomas v. State Farm Ins. Co.*, Southern District of California, Case No. 18-CV-0728 BAS BGS, appealed to and pending in the Ninth Circuit, No. 20-55231. TLIC contends that both *Bentley* and *Thomas* are wrongly decided. As discussed herein, the Court need not decide this issue here because the Statutes cannot apply because this case involves a group policy issued and delivered in Illinois.

[9] Indeed, counsel was not even aware that the policy at issue was a group policy issued to JCP Company and that Plaintiff was only the beneficiary of a certificate of insurance.

11

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

*Sievert*, 133 Cal. App. 4th 1483, 1496 (2005) ("We presume the Legislature meant what it said and the plain meaning of the statute governs."). In fact, the California Insurance Code is replete with statutes that distinguish between certificates of insurance, on the one hand, and the group policyholder, on the other hand. *See, e.g.*, California Insurance Code, §§786, 10209.1, 10113.4, 10112.5. For example, in section 786, involving the sale of disability and life insurance to seniors, commences as follows:

> "All individual and group disability insurance policies and certificates, and all **group life insurance policies and certificates** offered for sale to individuals age 65 or older in California shall provide an examination period of 30 days after the receipt of the **policy or certificate** for purposes of review of the contract. If the **policyholder or certificate holder** chooses to cancel the **policy or certificate** and returns the **policy or certificate** for cancellation, by mail or other delivery method, within the 30-day examination period, the return shall void the **policy or certificate** from the beginning, and the parties shall be in the same position as if a **policy or certificate** had not been issued. All premiums paid and any policy or membership fee paid shall be fully refunded to the **policyholder or certificate holder** by the insurer or entity in a timely manner." (Emphasis added.)

As can be seen by the bolded text, Section 786 repeatedly distinguishes between policies and certificates and between policyholders and certificate holders. The Statutes in the present case do not discuss certificates or certificate holders, and their provisions only apply to individual policies, with the sole portion that applies to group policies only referencing "[e]ach life insurance policy," not any certificate, and then only life insurance policies issued in the State of California.

Plaintiff's Breach of Contract, Unfair Competition and Elder Abuse claims, which all rely upon TLIC's purported violation of the Statutes, necessarily fail as a matter of law. Additionally, Plaintiff's twin Declaratory Relief claims similarly are based on the Statutes and the claims set forth above. To the extent that any portion of the above-discussed claims fail, the Declaratory Relief claims fail as well.

## VI. THE LEGISLATIVE HISTORY OF THE STATUTES FURTHER CONFIRMS THEIR INAPPLICABILITY TO THE GROUP LIFE POLICY UNDER WHICH PLAINTIFF ASSERTS HER CLAIM

As addressed above, with two exceptions, the Statutes only apply to individual policies, not

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

group policies. First, the 60-day grace period is applicable to group life insurance policies under Section 10113.71(a), based on the language in Section 10113.71(c) that a life insurance policy for this section includes "a group life insurance policy, except where otherwise provided." Of course, that language is couched in the context of life insurance policies "issued or delivered in this state," not a policy issued in Illinois. Second, Section 10113.71(b), concerning the 30-day notice of pending lapse, explicitly references such notice going to the ***policy owner*** or a designee "for an individual life insurance policy," and that provision cannot apply to a person like Plaintiff seeking benefits under a certificate of insurance issued under a group life insurance policy

The legislative history, which TLIC supplies with this motion, further demonstrates that there is no obligation to provide any 30-day lapse notice with respect to certificate holders under group policies.[10] Under the legislative history, Section 10113.71(b), prior to its amendment on June 19, 2012, stated as follows:

> (b) (1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named insured, a designee named pursuant to Section 10113.72, and a known assignee or other person having an interest in the policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.
>
> * * *
>
> (3) Notice shall be given to the insured and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with consent of the assignee. LH 016.

However, on June 19, 2012, the Legislature amended that section to replace "named insured" (in subsection (1)) and "insured" (in subsection (3)) with "policy owner":

> (b) (1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the ~~named insured~~ *policy owner*, a designee named pursuant to Section 10113.72, and a known assignee or other person having an interest in the policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.
>
> * * *

---

[10] A true copy of the Statutes' legislative history is attached to the accompanying Declaration of Heather Thomas. TLIC asks that the Court take judicial notice of the legislative history. The pages referenced below refer to the Bates numbered pages in the Thomas declaration, denoted "LH___."

13

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

> (3) Notice shall be given to the ~~insured~~ *policy owner* and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. (Emphasis and stricken text by Legislature.) LH 020

By doing so, the Legislature deleted any potential argument that a named insured (or an insured) was entitled to such notice, as opposed to the **policy owner**, and in the case of a group life insurance policy, the policy owner is not the certificate holder.

Then, in the final amendment to the Statutes, made August 14, 2012, the Legislature emphasized that the 30-day notice for designees identified pursuant to Section 10113.72 only applied to *individual* policies, and not group policies:

> (b) (1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 *for an individual life insurance policy*, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium. (Emphasis by Legislature.) LH 024.

Both the Senate and Assembly confirmed in reports subsequently made part of the legislative history that the August 14, 2002 amendment **removed group life policies from the ambit of section 10113.72**, such that the provision only applied to individual life insurance policies:

> Senate Floor Amendments of 8/14/12 clarify that the requirement that the insurer send a notice of pending lapse and termination of a life insurance policy for nonpayment of premium *applies to individual, and not group, life insurance policies*. [Senate Rules Committee, August 15, 2012] (Emphasis added.) LH 122

> 2) Requires insurers to mail a notice of pending lapse and termination at least 30 days prior to the termination *of an individual life insurance policy* for nonpayment of premium. [Assembly Concurrence in Senate Amendments] (Emphasis added.) LH 162.

Accordingly, to the extent there were any doubt from a plain reading of the Statutes that they only applied to individual policies, the legislative history only confirms this point. The only remnant of the Statutes applying to group policies after the final amendment before the Statutes were passed by the Legislature is the 60-day grace period, but again that only applies to group policies issued or delivered in California, unlike the group policy issued to JCP Company under which Plaintiff alleges her claims.

14

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

## VII. CONCLUSION

For all of the foregoing reasons, TLIC respectfully requests that the Court dismiss the Complaint in its entirety, without leave to amend.

DATED: May 15, 2020                         HINSHAW & CULBERTSON LLP

                                            By: /s/ *Vivian I. Orlando*
                                                Larry M. Golub
                                                Vivian I. Orlando
                                                Attorneys for Defendant
                                                TRANSAMERICA LIFE INSURANCE COMPANY

15

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-00539-JAM-DB
1029696\305680976.v1