Larry M. Golub (SBN CA 110545)
lgolub@hinshawlaw.com
Vivian I. Orlando (SBN CA 213833)
vorlando@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave. Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:    213-614-7399

Attorneys for Defendant
TRANSAMERICA LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERYL CLARK, Individually, as Successor-in-Interest to Delaine Stowell, on Behalf of the Estate of Delaine Stowell, and on Behalf of the Class,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa Corporation,<br><br>Defendant. | Case No. 2:20-cv-00539-JAM-DB<br><br>(Hon. John A. Mendez)<br><br>**DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF SHERYL CLARK'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  August 11, 2020<br>Hearing Time:  1:30 p.m.<br>Courtroom:        6<br><br>[Filed concurrently with (i) Objections to Plaintiff's Request for Judicial Notice]<br><br>Complaint Filed:  March 10, 2020<br><br>Trial Date:  Not Set |

HINSHAW & CULBERTSON LLP
350 S. Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## I.     INTRODUCTION

Plaintiff Sheryl Clark's ("Clark") Opposition, as with her First Amended Complaint ("FAC"), ignores (often by the use of paraphrasing) the precise language of Insurance Code sections 10113.71 and 10113.72 (the "Statutes") and offers an expansive meaning that is contrary to what the Statutes actually require of life insurers.

The Statutes imposed certain new requirements, but only to select life insurance policies that were **issued or delivered in California** after January 1, 2013. The Court here, however, need not even reach the issue of whether the Statutes apply to pre-existing life insurance policies. That is because the clear and precise language used by the Legislature made certain that only limited provisions applied to group policies and, even then, those limited provisions only applied to ***the policy owner*** for group policies issued and delivered in California. The Statutes specifically do not purport to cover "certificate holders," a term that is found throughout the California Insurance Code, but not in these Statutes. Without question, neither Plaintiff (the beneficiary) nor her mother (the decedent and certificate holder) were "policy owners," and the group policy at issue in this case was not issued or delivered in California despite Plaintiff's contrived attempt to argue otherwise. In fact, Plaintiff offers no viable objection to the copy of the group policy that TLIC submitted with its supporting papers or, for that matter, the clear documents that are properly subject to judicial notice that show that TLIC (and its predecessor insurer entities) and the actual policy owner (J.C. Penney Company, Inc. ("JCP Company")) were not incorporated in California or located in California.[1] Thus, no issuance or delivery ***of the life insurance policy*** ever occurred in California, and the Statutes simply do not apply.

---

[1] Plaintiff attaches as Exhibit 2 to her Request for Judicial Notice a purported printout from the California Secretary of State's website that lists a "J.C. Penney Insurance Company." That is not the same name of the life insurer that issued the group life insurance policy here – it was originally issued by J.C. Penney ***Life*** Insurance Company, which later changed its name to Stonebridge Life Insurance Company and then became TLIC. *See* Declaration of Darlene Edwards submitted with TLIC's moving papers ("Edward Decl."), ¶¶ 3, 8, 9 and Ex. 1, and Declaration of Elizabeth Smith submitted with TLIC's moving papers ("Smith Decl."), ¶¶ 3-5, and Exs. 5, 6 and 9; TLIC's Request for Judicial Notice filed with its moving papers ("RJN"), Exs. 5, 6 and 9. Further, the company that Plaintiff seeks to pin her argument on was merged out as of 1967, decades before the subject group policy was issued in the 1990s. Thus, Plaintiff's reliance on this unauthenticated screen printout is entirely misleading, as addressed in TLIC's concurrently-filed objections to Plaintiff's Request for Judicial Notice. *See also* Edwards Decl. ¶¶3, 7, Ex. 4; RJN Ex. 4 (discussing that JCP Company was a Delaware corporation and the group insurance policy was delivered to it in Illinois).

1

1    Plaintiff's entire theory of the case adds an inappropriate gloss to the existing Statutes and

2    extends the Statutes to include persons (such as certificate holders) that the Legislature never

3    intended on including. Such an effort must be rejected, and it is appropriate for the Court to do so

4    on a motion to dismiss.

5    **II.    THE STATUTES DO NOT APPLY TO THE GROUP LIFE INSURANCE POLICY**

6    The precise wording of the Statutes are of critical significance and Plaintiff's arguments

7    deviate substantially from that language. Contrary to Plaintiff's unfounded arguments, the Statutes

8    only apply in the context of group insurance in a very limited manner. Specifically, putting aside the

9    issue as to whether the Statutes apply to policies that had been issued and delivered prior to January

10   1, 2013, the Statutes only apply to policies "issued or delivered" ***in California***. FAC, ¶29 (quoting

11   the Statutes). Here, the group policy was issued and delivered to the policy owner (JCP Company)

12   in Illinois and Plaintiff's claim otherwise is based on the false pretense that a certificate is equivalent

13   to a policy.[2] *See* Edwards Decl., ¶3, Ex. 1; TLIC's Request for Judicial Notice ("RJN"), Ex. 1.[3]

14   Further, Section 10113.71(a)'s grace period notice requirements apply only in the context of group

15   insurance with respect to notice to the named ***policy owner*** (not the insured, not a certificate holder

16   and not a person with an interest). Plaintiff totally ignores this limitation. Section 10113.72 applies

17   ***exclusively*** to ***individual*** life insurance policies and thus is totally inapplicable to group policies.

18   Plaintiff's Opposition offers no viable basis to extend the mandates of the Statutes to group

19   policies such as the one at issue here. The Statutes' lack of any use of the term "certificate" as issued

20   to an insured under a group life insurance policy is telling and fatal to Plaintiff's claims. The Statutes

21   were precise in this regard and that is the manner in which the Statutes should be interpreted. *See*

22   *Coburn v. Sievert*, 133 Cal. App. 4th 1483, 1496 (2005) ("We presume the Legislature meant what

23   it said and the plain meaning of the statute governs."). As TLIC noted in its moving papers (which

24   Plaintiff completely fails to address), the California Insurance Code is replete with statutes that

25   ――――――――――――――――
     [2] A certificate of insurance provided to enrollees may mirror the language of the group policy. The
26   certificate, however, is ***not*** the group policy despite Plaintiff's unsubstantial argument otherwise.
     Indeed, the California Legislature repeatedly has noted this distinction as discussed below.
27   [3] The policy at issue here is a group life insurance policy, notwithstanding Plaintiff's false claim
     otherwise. The group life insurance policy was set up by a third party JCP Company for the benefit
28   of its credit card holders, without underwriting required and for very inexpensive premiums. *See* Ins.
     Code §§ 10204.5, 10205, 10211(b) (allowing group life policies issued in other states).

distinguish between certificates of insurance, on the one hand, and the group policyholder, on the other hand. *See, e.g.*, California Insurance Code, §§786, 10209.1, 10113.4, 10112.5. The Statutes do not discuss certificates or certificate holders and simply do not apply to any certificate holders.

Further, as TLIC's Motion details, the legislative history confirms that there is no obligation to provide any 30-day lapse notice with respect to certificate holders under group policies.[4] In fact, as to Section 10113.71(b), amendments on June 19, 2012, replaced "named insured" and "insured" (in subsections (1) and (3), respectively) with "policy owner," thus deleting any claim by a named insured or insured under the Statutes. LH 020.

More importantly, the final amendment to the Statutes on August 14, 2012 emphasized that Section 10113.72 only applied to ***individual*** policies, and not group policies. Both the Senate and Assembly confirmed in reports subsequently made part of the legislative history that the August 14, 2002 amendment ***removed group life policies from the ambit of section 10113.72***, such that the provision only applied to individual life insurance policies. LH 122, LH 162. Plaintiff ignores this.

The legislative history only further highlights that the Statutes should be read as they are worded. The only remaining portion of the Statutes applying to group policies is the 60-day grace period, but again that only applies to group policies – ***not certificates*** – issued or delivered in California, unlike the group policy under which Plaintiff alleges her claims that was issued to JCP Company in Illinois. Plaintiff's false allegation otherwise is directly contradicted by the group policy. And, no matter how many Insurance Code provisions Plaintiff cites, the Statutes do not apply here.

## III.  PLAINTIFF'S RELIANCE ON THE LEGISLATIVE HISTORY FOR THE PURPOSE OF THE STATUTES IS IRRELEVANT

Plaintiff's extensive reliance on the Legislature's intended purpose in enacting the Statutes to argue the Statutes apply is misguided. Plaintiff cannot trump the clear language of the Statutes by resorting to public policy or intent, and, as TLIC has demonstrated in its papers, the Legislature in fact considered the issue of group policies directly and declined any further extension of the Statutes beyond what is precisely stated. LH 20, 122, 126. It is not the role of the judiciary to extrapolate a public policy from a statute that the plain meaning of its words simply does not support. *Leader v.*

---

[4] *See* Declaration of Heather Thomas filed with TLIC's moving papers, denoted "LH___."

*Cords*, 182 Cal.App.4th 1588, 1596 (2010) ("In interpreting a statute to determine legislative intent, a court looks first to the words of the statue and gives them their usual and ordinary meaning."). If the statutory language is not ambiguous on its face, as is the case here, "we presume the Legislature meant what it said and the plain meaning of the statute governs." *Coburn v. Sievert*, 133 Cal. App. 4th 1483, 1496 (2005). Plaintiff's entire argument on this point is irrelevant and should be ignored.[5]

## IV. PLAINTIFF'S "CONFLICTS OF LAW" ANALYSIS IS INAPPLICABLE

Plaintiff engages in a lengthy "conflicts of law" analysis to argue that California law applies. That begs the question of whether the Statutes apply to the group policy and certificate in this case. They do not. TLIC did not address choice of law issues in its moving papers, nor does the Court need to engage in this exercise at this time. The point of TLIC's motion is that the Statutes are not applicable to the facts and issues implicated by this particular case – namely, a case where the group policy itself has not lapsed (thus, no notice could have been due to the policy owner) and, independently, the group policy was neither issued nor delivered in California. Plaintiff again improperly conflates the certificate provided to the enrollee with the group policy and ignores the exclusive use of the term "policy owner" in the Statutes. There simply is no basis to ignore the choice of law provision in the group policy and inject irrelevant California law.[6]

## V. PLAINTIFF'S OBJECTIONS TO TLIC'S EVIDENCE ARE SPECIOUS

Exhibit 10 to TLIC's RJN is a billing summary pertaining to the certificate issued to

---

[5] Such a finding is also consistent with the concept that retroactive application of statutes is disfavored, and that compromises in the legislative process are typical and should not disturb reliance on interests embodied in existing contracts that were agreed upon long ago. In fact, a law that purports to require an amendment to an existing contract, such as by requiring a new contractual provision like a grace period, may also constitute an unconstitutional impairment of contract. *See* U.S. Const. Art. I, § 10, Cl. 1 ("No State shall…pass any…ex post facto Law…or Law impairing the Obligation of Contracts."); Cal. Const., Art. I, § 9 ("A bill of attainder, ex post facto law, or law impairing the obligation of contracts may not be passed."); *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1323 (8th Cir. 1991); *MONY Life Ins. Co. v. Ericson*, 533 F. Supp. 2d 921. 925 (D. Minn. 2008) (retroactive application of state statute that operated to disqualify ex-spouse as beneficiary under life insurance policy would have violated Contracts Clause); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 286 (1994) ("Statutes are seldom crafted to pursue a single goal, and compromises necessary to their enactment may require adopting means other than those that would most effectively pursue the main goal. A legislator who supported a prospective statute might reasonably oppose retroactive application of the same statute.").

[6] For similar reasons, the so-called "renewal principle" espoused in *Bentley v. United of Omaha Life Insurance*, 371 F.Supp.3d 723, 723 (C.D. Cal. 2019), which is pending before the Ninth Circuit, does not apply to the certificate and not one case has extended the Statutes to group policies.

4

Plaintiff's late mother. While the statement is not dispositive of TLIC's Motion, the summary reflects an extended ability to pay the premiums to maintain the certificate. Plaintiff objects to Exhibit 10 on the grounds that it is: (1) not relied upon nor incorporated by reference into the FAC, (2) it is unauthenticated, and (3) not pertinent to the Court's determination of the Motion and the Court should not take notice of the truth of the facts asserted. Plaintiff's objections are meritless.

First, there are numerous references in Plaintiff's FAC that would allow TLIC's incorporation of Exhibit 10 by reference. *See* FAC ¶¶10, 54, 55, 58, 60, 61, 64, 66, 97, 107, 110. Second, the Edwards Declaration properly lays a foundation to authenticate Exhibit 10, and Plaintiff has not legitimately disputed that the document is what it purports to be. Fed. R. Evid. 901(a). Third, Exhibit 10 is central to Plaintiff's claim that TLIC failed to provide an extended period for premium payments. *See Golub v. Gigamon Inc.*, 2019 U.S. Dist. LEXIS 149898, at *15-16 (N.D. Cal. 2019) (allowing judicial notice where incorporated or relied upon in the complaint). Exhibit 10 shows that the certificate holder in fact had more than a 60-day grace period for "*for payment,*" and that fact was neither kept a secret nor unknown (contrary to what is alleged in the FAC). Thus, whether by the incorporation, reliance or judicial notice, this Court's consideration of Exhibit 10 is proper.

Plaintiff also generally objected to the Edwards Declaration on the grounds that there is no foundation stated for certain documents and they are not subject to judicial notice. These objections fail. First, Plaintiff does not assert any specific objections to TLIC's RJN (aside from Exhibit 10). Second, the other documents the Edwards Declaration attaches are properly considered because they are incorporated by reference in the FAC or relied upon by Plaintiff. Third, the one statement Plaintiff complains about specifically is simply a recital of what is stated in the document – "your policy or certificate number, insurance features, and benefits will not change" and can be independently verified. Edwards, ¶9, Ex. 7. Plaintiff did not object to this RJN Exhibit and it cannot reasonably be disputed. Finally, Edwards worked for TLIC since 1979, was personally involved here, and has stated a sufficient basis for her qualifications and her personal knowledge.

DATED:    August 4, 2020                    HINSHAW & CULBERTSON LLP

                                          By: /s/ *Vivian I. Orlando*
                                              Vivian I. Orlando
                                              Attorneys for Defendant