UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERYL CLARK, individually, as successor-in-interest to Delaine Stowell, on behalf of the estate of Delaine Stowell, and on behalf of the class,<br><br>        Plaintiff,<br><br>    v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa corporation,<br><br>        Defendant. | No.  2:20-cv-00539-JAM-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

    This matter is before the Court on Transamerica Life Insurance Company's ("Defendant") Motion to Dismiss for failure to state a claim upon which relief can be granted.  Mot. to Dismiss ("Mot."), ECF No. 22.  Sheryl Clark ("Plaintiff") filed an opposition to Defendant's motion, Opp'n, ECF No. 24, to which Defendant replied, Reply, ECF No. 25.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 11, 2020.

1

I.   BACKGROUND

This dispute centers around the applicability and reach of California Insurance Code §§ 10113.71 and 10113.72. First Amended Compl. ("FAC") ¶ 2, ECF No. 19. Section 10113.71 governs grace periods and notice of termination of a policy. See Cal. Ins. Code § 10113.71. Section 10113.72 governs which individuals are to receive notice of lapse or termination of a policy and notice of the right to change the written designation. See Cal. Ins. Code § 10113.72. Plaintiff alleges Defendant refused to comply with these mandatory provisions of the California Insurance Code and, in so doing, is in breach of contract, has engaged in unfair competition, and has committed financial elder abuse. See FAC ¶¶ 96–104, 105–17, 118–26.

Plaintiff is a beneficiary of her deceased mother's life insurance policy. FAC ¶ 12. Sometime around 1992, Plaintiff's mother purchased coverage under a group policy issued to J.C. Penney Company. FAC ¶¶ 37, 39. The group policy was governed by Illinois law. FAC ¶ 39. The value of the coverage was $12,000.00 and the premium was $16.12 per month. FAC ¶ 38. Plaintiff's mother paid the premium for 26 years. FAC ¶ 43. Defendant allegedly failed to provide Plaintiff's mother with the right to designate another recipient of policy notices, including a thirty-day notice of any effective lapse or the right to a sixty-day grace period, and otherwise concealed information from Plaintiff and her mother, in violation of the aforementioned sections of the California Insurance Code. FAC ¶¶ 51–55.

Defendant allegedly attempted to lapse or terminate

coverage around July of 2018.  FAC ¶ 55.  Plaintiff has no record of her mother receiving any notices of missed premium payments or impending lapse.  Id.  Plaintiff's mother passed away on August 7, 2018.  FAC ¶ 56.  At some point thereafter, Plaintiff submitted a claim to Defendant for the life insurance death benefits.  FAC ¶ 57.  The claim was initially denied due to nonpayment of premiums.  Id.  Defendant's initial denial was in error.  Edwards Decl. ¶ 10, ECF No. 22-2.  Defendant is now making full payment of the life insurance death benefits and accrued interest to Plaintiff.  Id.

## II.   OPINION

### A.   Judicial Notice

Defendant requests judicial notice of the following: (1) Group Policy No. 25222, the group life insurance policy issued and delivered to J.C. Penney Company; (2) Delaine Stowell's May 7, 1992 Enrollment Form; (3) Delaine Stowell's June 13, 1993 Enrollment Form for Additional Benefits; (4) Records from the California and Delaware Secretary of State reflecting J.C. Penney Company's January 25, 2002 legal name change; (5) Records from the California and Vermont Secretary of State reflecting J.C. Penney Life Insurance Company's legal name change; (6) Records from the Vermont Secretary of State reflecting that Stonebridge Life Insurance Company legally merged into Transamerica Life Insurance Company on October 1, 2015; (7) Merger Endorsement for Certificate Insurance No. 74LB810725; (8) Certificate of Insurance No. 74LB810725 effective May 20, 1992; (9) Records from the California

Secretary of State reflecting that Defendant is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa; (10) July 25, 2018 Billing Summary reflecting the ability to pay the premiums to maintain the Certificate of Insurance No. 74LB810725; (11) the legislative history of Assembly Bill 1747.  Def.'s Request for Judicial Notice ("Def.'s RJN"), ECF No. 22-1.  Plaintiff requests the Court take judicial notice of the same legislative history and records from the California Secretary of State reflecting J.C. Penney Company's registration as a domestic stock corporation.  Pl.'s Request for Judicial Notice ("Pl.'s RJN"), ECF No. 24-1.

   Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute," because it (1) "is generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(a)-(b).  "[A]s a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion . . . [but] it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment."  United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).  However, courts may not take judicial notice of "disputed facts stated in public records."  See Lee, 250 F.3d at 690.  A court may also consider materials

1  incorporated into the complaint. Cotto Settlement v.
2  Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). The
3  doctrine of incorporation by reference includes "situations
4  where the complaint necessarily relies upon a document or
5  the contents of the document are alleged in a complaint, the
6  document's authenticity is not in question and there are no
7  disputed issues as to the document's relevance." Id.
8     Judicial notice of Group Policy No, 25222, Delaine
9  Stowell's Enrollment Forms, the Merger Endorsement for
10 Certificate of Insurance No. 74LB810725, the Certificate of
11 Insurance No. 74LB810725, and the July 25, 2018 Billing
12 Summary is appropriate under the incorporation by reference
13 doctrine. Plaintiff's FAC is premised on her claim that
14 Defendant violated California Insurance Code §§ 10113.71 and
15 10113.72 as they apply to her mother's life insurance
16 coverage. As a result, the FAC references and relies upon
17 Plaintiff's mother enrolling in J.C. Penney Company's group
18 life insurance policy, which Defendant subsequently
19 acquired, and Defendant failing to provide an extended
20 period for premium payments. See, e.g., FAC ¶¶ 37, 39, 41,
21 54. Plaintiff's argument that the July 25, 2018 Billing
22 Summary' authenticity is in question is without merit. See
23 Pl.'s Opp'n to Def.'s RJN at 1–2, ECF No. 24-2.
24    Judicial notice of the records from the California,
25 Delaware, and Vermont Secretaries of State, as well as the
26 legislative history of Assembly Bill 1714, is also
27 appropriate as these are all matters of public record. See
28 Gerritsen v. Warner Bros. Entm't Inc., 112 F.Supp.3d 1011,

1034 (C.D. Cal. 2015) (taking judicial notice of facts in a business entity profile on the California Secretary of State's website); see also Hansen Beverage Co. v. Innovation Ventures, LLC, Case NO. 08-CV-1166, 2009 WL 6597891 at *1 (S.D. Cal. 2009) (judicial notice of public records and government documents available from reliable sources on the Internet such as websites run by governmental agencies is proper).

    Accordingly, the Court GRANTS Defendant and Plaintiff's requests for judicial notice.

    B.   Legal Standard

    A Rule 12(b)(6) motion attacks the complaint as not alleging sufficient facts to state a claim for relief. "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relied that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted). Dismissal is proper where there is no cognizable legal theory or insufficient facts supporting a claim entitling the plaintiff to relief. Hinds Invs., L.P. v. Angiolo, 654 F.3d 846, 850 (9th Cir. 2011).

    C.   Analysis

    Defendant argues Plaintiff has failed to state a claim for relief as California Insurance Code §§ 10113.71 and 10113.72 do not apply to her mother's policy: a group policy neither issued nor delivered in California. See Mot. at 9–15. Defendant contends § 10113.71 only applies to life insurance policies issued or delivered in California, and § 10113.72 only applies

6

to individual life insurance policies. Id. Plaintiff does not dispute this directly. Instead, Plaintiff argues the provisions apply to all policies in effect in 2013 and conflict of law and renewal principles support applying the provisions to Plaintiff's mother's policy. See Opp'n at 4-12. Plaintiff also argues that Defendant is mistaken in classifying her mother's policy as a group policy. See Opp'n at 13-15.

In 1991, J.C. Penney Company, a Delaware corporation located in Illinois, applied for a group life insurance policy from J.C. Penney Life Insurance Company. See Group Policy, Ex. 1 to Edwards Decl. at 7-8, ECF No. 22-2. J.C. Penney Life Insurance Company issued and delivered Group Policy No. 25222 to J.C. Penney Company in Illinois. Id. Under the terms of the group policy, individuals age thirty to seventy-five who are credit card holders with J.C. Penney Company, or their spouses, could enroll in the group life insurance coverage. Id. at 9. Upon doing so, they would be issued a Certificate of Insurance as evidence of enrollment under the group policy. Id. Plaintiff's mother enrolled in this policy. See Enrollment Form, Ex. 2 to Edwards Decl. at 15-16, ECF No. 22-2.

Section 10113.71 of the California Insurance Code provides that any life insurance policy "issued or delivered in [California]" must contain a provision for at least a sixty-day grace period and notice of pending lapse and termination at least thirty days prior. See Cal. Ins. Code § 10113.71(a)-(b). Section 10113.71 applies to individual and group life insurance policies. See Cal. Ins. Code § 10113.71(c). Section 10113.72 of the California Insurance Code specifies that "an individual

life insurance policy" shall not be issued or delivered in California until the applicant has been given the opportunity to designate at least one other person to receive notice of lapse or termination of a policy.  See Cal. Ins. Code § 10113.72(a).  It also specifies that "[n]o individual life insurance policy shall lapse or be terminated for nonpayment of premium" unless the insurer gives at least 30-days notice to the policy owner and other designated persons.  See Cal. Ins. Code § 10113.72(c).

Group life insurance is purchased under a single contract and issued to an entity covering a specified group of people.  See, e.g., Heighley v. J.C. Penney Life Ins. Co., 257 F.Supp.2d 1241, 1246–47, 1251 (C.D. Cal. 2003).  Here, J.C. Penney Company is the group life insurance policy owner.  See Group Policy, Ex. 1 to Edwards Decl. at 7–8.  Its group policy covers eligible members of the group who enroll, i.e., J.C. Penney Company credit card holders.  Id. at 9.  An eligible person who enrolls receives a Certificate of Insurance.  Id.  The Certificate of Insurance serves as proof of insurance, but it is not the actual insurance policy.  Id.

Thus, Plaintiff's mother enrolled in a group life insurance policy, but was not, herself, the policy holder.  The group policy was issued and delivered to J.C. Penney Company in Illinois.  The plain text of § 10113.71 makes clear that its provisions only apply to group or individual life insurance policies issued or delivered in California.  Cal. Ins. Code § 10113.71(a).  And the plain text of § 10113.72 clearly establishes that its provisions only apply to individual life insurance policies.  Cal. Ins. Code § 10113.72(a).  The life

insurance policy in question was neither issued or delivered in California nor is it an individual policy.  Therefore, it is not covered by either section of the California Insurance Code.

Accordingly, Plaintiff's breach of contract, unfair competition, and elder abuse claims, which all rely upon Defendant's alleged violations of §§ 10113.71 and 10113.72, necessarily fail as a matter of law.  Plaintiff's declaratory relief claims fail for the same reason.

D.   Leave to Amend

The Court need not grant leave to amend where amendment would be futile.  Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).   For the reasons described above, the Court finds that Plaintiff's claims cannot be salvaged by amendment.  Accordingly, dismissal with prejudice is appropriate.

III.   ORDER

Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE.

The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 28, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE